By the Court.
 

 The parties are in accord that the petitions and declarations of candidacy as originally filed contained more than the five signatures permitted by Section 4785-70, General Code, that no protests were filed, that the relators each requested and directed the excess petition parts removed, that three members of the board of elections knew of such re
 
 *486
 
 moval by the other board member, that the board certified the petitions as valid, and that, thereafter, the board ordered the names of relators stricken from the ballot.
 

 Counsel for respondent board contend the facts in these actions are similar to those in
 
 State, ex rel. Burgstaller,
 
 v.
 
 Franklin County Board of Elections, ante,
 
 193, 78 N. E. (2d), 352.
 

 That case is readily distinguished from the present proceedings.
 

 In the
 
 Burgstaller case,
 
 the nomination papers always bore more than five signatures, the relator made no attempt to remove any petition part, a protest was filed, a hearing was held, the board of elections rejected the nomination papers and the relator contended that the board should have selected one of his petition forms and regarded the others as surplusage.
 

 In the present cases the original nomination papers of each relator bore more than five signatures, before the final filing date the excess petition parts were removed by the direction of the relators, no protests were filed, the board certified the nomination papers as valid and the board thereafter, without notice to relators but after a public hearing, found the relators had not qualified as candidates.
 

 It is stated on page 196 of the
 
 per curiam
 
 opinion in the
 
 Burgstaller case
 
 that “the burden of complying with the statute rests on the candidate, and it is his duty to decide on which of several filed petition forms he will stand.” The relators in the present cases performed their duty of deciding on which petition forms to stand.
 

 On the evening of February 4 at 6:30 o’clock, which was the final filing time, the relators’ petitions and declarations of candidacy complied with Section 4785-70, General Code, and on February 10 they were' de
 
 *487
 
 dared valid. It was not until approximately two months later that the board, without notice to relators, ordered their names stricken from the primary ballot.
 

 It was the duty of the respondent hoard to place the names of the relators on the primary ballot and the hoard abused its discretion by ordering their names stricken therefrom.
 

 The demurrers to the amended answers are sustained and, respondent not desiring to plead further, writs of mandamus will be issued as prayed for.
 

 Writs allowed.
 

 Weygandt, C. J., Turnee, . Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.